IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DANIEL ESTEBAN CAMAS LOPEZ,
individually and on behalf of all similarly
situated persons,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, Inc.,

    Defendant.

Case No. _____

### DEFENDANT MARRIOTT INTERNATIONAL INC.'S NOTICE OF REMOVAL

**TO: THE CLERK OF COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Marriott International, Inc. ("Marriott International") hereby removes the civil action *Daniel Esteban Camas López v. Marriott Int'l Inc.*, Case No. 2023CV30109 (the "Sate Court Action"), originally filed in the District Court for the State of Colorado, Pitkin County, to this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446 and in support states as follows:

**I.    THE STATE COURT ACTION**

1.    On October 20, 2023, Plaintiff Daniel Esteban Camas López ("Plaintiff") commenced the State Court Action by filing a Class Action Complaint in the District Court for the State of Colorado, Pitkin County (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.[1]

2.    The Complaint names Marriott International as the sole Defendant.

---

[1] All citations to the Complaint are in the form "Compl., ¶ __."

1

3. Plaintiff was employed by WHC Payroll Company, a wholly owned subsidiary of Marriott International at the St. Regis Hotel in Aspen, Colorado (the "Hotel") under a J-1 Visa Internship Program. Compl., ¶ 1.

4. The Complaint alleges four (4) causes of action: (1) Violation of the Colorado Consumer Protection Act (Fraudulent Internships); (2) Violation of the Colorado Consumer Protection Act (Human Trafficking); (3) Violation of the Colorado Organized Crime Control Act; (4) Violation of the Colorado Human Trafficking Statute.

5. Plaintiff seeks to represent a proposed class of persons who were allegedly employed by Marriott International at the Hotel under a J-1 Visa Internship Program. *Id.*

6. Plaintiff's claims alone provide a basis for removal because there is complete diversity between Plaintiff and Marriott International and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. By submitting this Notice of Removal, Marriott International does not admit any of the allegations in the Complaint and does not waive any objections or defenses.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. This Notice of Removal Is Timely Filed.

8. Marriott International was served with process on November 16, 2023, and removal is thus timely pursuant to 28 U.S.C. section 1446(b).

### B. Venue in This Court is Proper.

9. The United States District Court for the District of Colorado embraces the county and court in which the State Court Action was filed (Pitkin County, Colorado). *See* 28 U.S.C. § 85. Therefore, the State Court Action is properly removed to this Court. 28 U.S.C. § 1441(a).

      C.      **<u>Notice of Removal Is Being Provided.</u>**

      10.      In accordance with 28 U.S.C. section 1446(d), Marriott International will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff and a Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the District Court of the State of Colorado, Pitkin County.

      D.      **<u>All Process, Pleadings, and Orders Are Attached.</u>**

      11.      In accordance with 28 U.S.C. section 1446(a), correct copies of all process, pleadings, orders, and other papers served on Marriott International in the State Court Action are attached hereto as **Exhibits A – I**.

      12.      Pursuant to Local Civil Rule 81.1, within fourteen (14) days after filing this Notice of Removal, Marriott International will file a current register of actions from the State Court Action and will separately file each pending motion, petition, and related response, reply, and brief.

      13.      There are no hearings currently set in the State Court Action.

**III.**      **<u>BASIS FOR REMOVAL: DIVERSITY JURISDICTION</u>**

      14.      Removal is proper because this Court has original jurisdiction over this action because there is complete diversity and the amount in controversy exceeds $75,000.00.

      15.      The following analysis is provided solely to establish that the requirements for jurisdiction under 28 U.S.C. section 1332 are met.  This analysis is in no way an admission of any allegation in the Complaint, an admission as to the proper method for calculating damages, or an admission that Plaintiff is entitled to any relief whatsoever.

      A.      **<u>There is Complete Diversity Between Plaintiff and Defendant</u>**

      16.      Under 28 U.S.C. section 1332(a), district courts have original jurisdiction where one party is a citizen of a foreign state, and the opposing party is a citizen of a state.

17.     Here, Plaintiff alleges that he is a citizen of Mexico.  Compl., ¶ 2.  Marriott International is a Delaware corporation with its principal place of business in the State of Maryland.  *See* attached Declaration of Tiffany Schafer ("Schafer Decl."), ¶ 2.

**B.     The Amount in Controversy Requirement is Satisfied.**

18.     The amount in controversy for Plaintiff's claim exceeds $75,000.00.

19.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  In *Dart Cherokee*, the Supreme Court held that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  574 U.S. at 87.

20.     Plaintiff brings two causes of action under the Colorado Consumer Protection Act, which provides that in class actions the remedies may include compensatory damages, treble damages, and attorneys' fees.  *See* C.R.S.A. § 6–1–113.

21.     Plaintiff brings one cause of action under the Colorado Organized Crime Control Act ("COCCA"), which provides that civil remedies may include "threefold the actual damages sustained" and attorneys' fees.  *See* C.R.S.A. § 18–17–106.

22.     Plaintiff brings one cause of action under the Colorado Human Trafficking Statute, which provides that civil remedies include damages proximately caused by a violation of the statute.  *See* C.R.S.A. § 13–21–127.

23.     Here, Plaintiff seeks actual damages, emotional damages, treble damages, and attorneys' fees.  *See* Compl., ¶¶ 111, 118, 125, 128.

*i.*     <u>Wages</u>

24.     Plaintiff seeks damages for, among other things, "loss of past, current, and prospective wages." Compl., ¶ 124.

25.     With respect to past wages, Plaintiff alleges he was paid less than temporary workers that performed the same duties. *See id.* at ¶ 99.

26.     Plaintiff alleges he was paid $14 per hour for regular hours and $21 per hour for overtime hours during his employment at the Hotel from May 6, 2021 through July 9, 2021. *Id.* at ¶¶ 43, 68, 95; Schafer Decl., ¶¶ 4–5.

27.     Without admitting that Plaintiff has any basis to recover or that his legal theories have any merit, based on a review of available business records, Marriott International states that during time period Plaintiff worked at the Hotel, other workers in the culinary department who were not interns/trainees were paid $17.50 per hour for regular hours and time and half for overtime hours. Schafer Decl., ¶ 5.

28.     Based on Marriott International's review of available business records, Marriott International states that Plaintiff worked approximately 374 regular hours and 135 overtime hours. *Id.* at ¶ 6.

29.     Accordingly, Plaintiff's claim for lost past wages alone puts into controversy $6,053.25 when considering Plaintiff's claim for treble damages.

30.     With respect to prospective wages, Plaintiff alleges that he abandoned his J-1 internship with Marriott International "on or around July 9, 2021" (Compl., ¶ 95) when his program was scheduled to conclude on November 15, 2021 (*id.* at ¶ 52). Plaintiff purportedly seeks lost wages for the eighteen weeks (18) after he left the program. The amount in controversy

with respect to Plaintiff's claim for lost prospective wages alone is at least $37,800.00 when considering Plaintiff's claim for treble damages.

        ii.      *Program Fees*

31. Plaintiff alleges that he was required to pay a program fee of $3,900.00 for participation in the program. Compl., ¶ 36.

32. Accordingly, with respect to Plaintiff's claim for damages related to the program fee, there is at least $11,700.00 in controversy when considering Plaintiff's claim for treble damages.

        iii.      *Other Costs of the Program*

33. Plaintiff further alleges that he was charged $800.00 per month for J-1 housing to participate in the program. *Id.* at ¶ 69. Plaintiff lived in this housing for two months. *Id.* at ¶¶ 67, 95. Thus, Plaintiff's claim for housing costs puts in controversy approximately $4,800.00 when considering Plaintiff's claim for treble damages.

        iv.      *Emotional Damages*

34. Plaintiff alleges that he suffered emotional harm, and he seeks emotional damages. *See id.* at ¶¶ 123, 125.

35. Such claims for emotional damages put thousands of dollars in controversy.

        v.      *Attorneys' Fees*

36. Plaintiff also seeks attorneys' fees as part of his damages claim.

37. While the Tenth Circuit has "not adopted a benchmark percentage for attorneys' fees" in class actions, it has recognized "that awards across a range of percentages may be reasonable." *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1263–64 (10th Cir. 2023) (citing

*Brown v. Philips Petroleum Co.*, 838 F.2d 451, 455 n.2 (1988) (collecting cases treating awards from 22% to 37.3% as reasonable).

38. Even using an assumed twenty-five percent (25%) attorneys' fee award for Plaintiff's claim alone, the attorneys' fees in this matter put into controversy over $15,000.00.

39. Altogether, the total amount placed in controversy by Plaintiff's legal theories and allegations exceeds $75,000.00, exclusive of interest and costs.

## IV.  **CONCLUSION**

For the foregoing reasons, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. section 1332. Accordingly, this action is removable pursuant to 28 U.S.C. section 1441(a). If any question arises as to the propriety of the removal of this action, Marriott International respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

Dated: December 15, 2023						Respectfully submitted,

							*/s/ Ellen E. Dew*
							Michael P. O'Day  (*pro hac vice* forthcoming)
							Ellen E. Dew
							William W. Reichart III (*pro hac vice* forthcoming)
							DLA PIPER LLP (US)
							650 S. Exeter St.
							Suite 1100
							Baltimore, MD 21202
							Tel.: (410) 580-3000
							Fax: (410) 580-3001
							michael.oday@us.dlapiper.com
							ellen.dew@us.dlapiper.com
							wes.reichart@us.dlapiper.com

							D. Rockwell Bower (CO Bar No. 55748)
							DLA PIPER LLP (US)
							1900 N. Pearl St., Suite 2200
							Dallas, TX 75201
							Tel.: (214) 743-4585
							Fax: (214) 665-5955
							rockwell.bower@us.dlapiper.com

							*Counsel for Defendant Marriott International, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 15th day of December, 2023, I caused the foregoing Notice of Removal and all exhibits and attachments thereto to be served on the following counsel of record:

Alexander Hood
Brianne Power
Towards Justice
PO Box 371680, PMB 44465
Denver, CO 80237
alex@towardsjustice.org
brianne@towardsjustice.org

>*/s/ Ellen E. Dew*
>Ellen E. Dew