# EXHIBIT D

| DISTRICT COURT, PITKIN COUNTY, COLORADO<br>506 E. Main St.  Suite 103<br>Aspen, CO 81611<br>(970) 925-7635 | |
|---|---|
| | DATE FILED: October 23, 2023 11:03 AM<br>CASE NUMBER: 2023CV30109 |
| Plaintiff(s): DANIEL ESTEBAN CAMAS LOPEZ<br>v.<br>Defendant(s):   MARRIOTT INTERNATIONAL INC | Case No.: 23CV30109<br><br>Division: 5 |
| **DELAY REDUCTION ORDER AND ORDER TO SET CASE MANAEMENT CONFERENCE IN CIVIL CASES ASSIGNED TO JUDGES LYNCH, MYER, NEILEY, NORRDIN, AND SELDIN** | |

1. All parties to civil cases assigned to Judges Denise K. Lynch, Elise V. Myer, John F. Neiley, Anne K. Norrdin, and Christopher G. Seldin shall comply with this Order.

2. Deadlines that must be met are:  (a) Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint or, alternatively, if that is not done, plaintiff shall file a status report and explain the difficulties in accomplishing service and request an extension of time to complete service; (b) Application for default judgment shall be filed within 30 days after default has occurred; and (c) Within 42 days after the case is at issue, the responsible attorney or, if both parties are not represented by an attorney, the plaintiff, shall notice a case management setting conference with the judicial assistant for the judge to whom the case is assigned: Nancy Risner (970-928-3093) for Judge Lynch, Analy Luquin Andrade (970-928-3091) for Judge Myer,  Pamela Higgins (970-928-3097) for Judge Neiley, Brandi Johnson  (970-928-3095) for Judge Norrdin, and Maria( Ines) Vergara Postay (970-925-7635) for Judge Seldin .  The Case Management Conference shall be set for a time after the parties Proposed Case Management Order is filed. A Case Management Order and Conference are not required in C.R.C.P. 16.1 cases but may be requested.  **Attorneys may request a Word version of the Proposed Case Management Order be emailed to them by contacting the respective Judge's Clerk**.

3. The court will consider extending these time periods upon a motion showing good cause.

4. At the Case Management Conference, the parties and the court will discuss the parties' Proposed Case Management Order which shall comply with amended C.R.C. P 16 (b)(1) through (17) and the attached Modified Civil Case Management Order. The Case Management Conference and other conferences will be by telephone only and NOT in person unless specifically ordered by the court.  The trial schedule will not be set until completion of discovery and mediation or other alternative dispute resolution.

5. Plaintiff shall mail a copy of this order to all parties who enter an appearance and who do NOT file their appearance electronically.   Any party who files an appearance by E-Filing, shall take notice of this Order.

Dated: October 23, 2023                           CLERK OF COURT

                                                              */s/ Elizabeht Mackin*
                                                              Elizabeth Mackin  (Clerk of Court)

| | |
|---|---|
| DISTRICT COURT, PITKIN COUNTY, COLORADO<br>506 E. Main St.  Suite 103<br>Aspen, CO 81611<br>(970) 925-7635<br><br>Plaintiff(s): DANIEL ESTEBAN CAMAS LOPEZ<br>v.<br>Defendant(s):   MARRIOTT INTERNATIONAL INC | |
| PITKIN COMBINED COURTS<br>Phone Number:   (970) 925-7635 | Case No.:  2023 CV 30109<br><br>Division:5 |

**FORM CIVIL CASE MANAGEMENT ORDER**

The parties shall use this Form Case Management Order when preparing the proposed Case Management Order to be submitted to the court.

Pursuant to C.R.C.P. 16(b), the parties will discuss each item below. If they agree, the agreement should be stated. If they cannot agree, each party should state their position briefly. If an item does not apply, it should be identified as not applicable.

This form shall be submitted to the court in editable format. When approved by the court, it shall constitute the Case Management Order for this case unless modified by the court upon a showing of good cause.

This form must be filed with the court no later than 42 days after the case is at issue and at least 7 days before the date of the case management conference. The parties will comply with the Case Management Order entered by the court

**Trial to the Court or Jury will not be scheduled until completion of all discovery except for expert depositions, and completion of mandatory mediation.**

The case management conference is set for _____ ___, 20_____ at __:__ _.m.

**1.** The "at issue date" is: _____.

**2.** Responsible attorney's name, address, phone number and email address:
_____

**3.** The lead counsel for each party, _____,
and any party not represented by counsel, _____,
met and conferred in person or by telephone concerning this Proposed Order and each of the issues listed in Rule 16(b)(3)(A) through (E) on _____ __, 20 ____.

**4.** Brief description of the case and identification of the issues to be tried (not more than one page, double-spaced, for each party): _____

**5.** The following motions have been filed and are unresolved:
_____

**6.** Brief assessment of each party's position on the application of the proportionality factors, including those listed in C.R.C.P. 26(b)(1): _____

**7.** The lead counsel for each party, _____,
and any party not represented by counsel, _____,
met and conferred concerning possible settlement. The prospects for settlement are:
_____

**8.** Deadlines for:
    a. Amending or supplementing pleadings: (Not more than 105 days (15 weeks) from at issue date.) _____

    b. Joinder of additional parties: (Not more than 105 days (15) weeks from at issue date.)
    _____

    c. Identifying non-parties at fault:_____

**9.** Dates of initial disclosures: _____
    Objections, if any, about their adequacy: _____

**10.** If full disclosure of information under C.R.C.P. 26(a)(1)(C) was not made because of a party's inability to provide it, provide a brief statement of reasons for that party's inability and the expected timing of full disclosures _____, and completion of discovery on damages: _____

**11.** Proposed limitations on and modifications to the scope and types of discovery, consistent with the proportionality factors in C.R.C.P. 26(b)(1):_____

Number of depositions per party (C.R.C.P. 26(b)(2)(A) limit 1 of adverse party + 2 others + experts per C.R.C.P. 26(b)(4)(A)): _____

Number of interrogatories per party (C.R.C.P. 26(b)(2)(B) limit of 30): _____

Number of requests for production of documents per party (C.R.C.P. 26(b)(2)(D) limit of 20):
_____

Number of requests for admission per party (C.R.C.P. 26(b)(2)(E) limit of 20): _____

Any physical or mental examination per C.R.C.P. 35: _____

Any limitations on awardable costs: _____

State the justifications for any modifications in the foregoing C.R.C.P. 26(b)(2) limitations: _____

**12.** Number of experts, subjects for anticipated expert testimony, and whether experts will be under C.R.C.P. 26(a)(2)(B)(I) or (B)(II). The Court will allow a deviation from the expert disclosure deadlines set forth in C.R.C.P 26(2)(C) for good cause: _____

If more than one expert in any subject per side is anticipated, state the reasons why such expert is appropriate consistent with proportionality factors in C.R.C.P. 26(b)(1) and any differences among the positions of multiple parties on the same side:_____

**13.** Proposed deadlines for expert witness disclosure if other than those in C.R.C.P. 26(a)(2):

        a. production of expert reports:

                i. Plaintiff/claimant: _____

                ii. Defendant/opposing party: _____

        b. production of rebuttal expert reports: _____

        c. production of expert witness files: _____

State the reasons for any different dates from those in C.R.C.P. 26(a)(2)(C): _____ _____

**14.** Discovery Deadline: All discovery, except for expert depositions, shall be completed by _____. Requests to supplement discovery after this deadline must be made by written motion. Expert depositions must be completed no later than 45 days before trial unless the parties stipulate to, or the court approves, a later deadline.

**15.** Discovery Disputes and Rule 37 Motions: Prior to filing any Rule 37 Motion or other motions relating to discovery disputes, the parties will confer in good faith to attempt to resolve the dispute. If those attempts are not successful, the parties will contact the court's judicial assistant to set the matter for a ½ hour telephone conference with the court to address the dispute. At least three business days prior to the telephone conference the parties will each file a brief summary, not to exceed three pages in length (excluding the caption and certificate of service), describing the specific issues in controversy and citing any applicable case law or other authority. At the telephone conference the court and the attorneys will attempt to resolve the dispute. If the dispute is not resolved at that time, the parties, with leave of the court, may then file formal Motions and Responses under Rule 37.

**16.** Electronically Stored Information: The parties (do)(do not) anticipate needing to discover a significant amount of electronically stored information. The following is a brief report concerning their agreements or positions on search terms to be used, if any, and relating to the production, continued preservation, and restoration of electronically stored information, including the form in which it is to be produced and an estimate of the attendant costs. _____

**17.** Mediation: The court will not set a trial date until all discovery, except for expert depositions, and mediation is completed unless the parties can show good cause for setting a trial without mediation.   Pursuant to Rule 16(b)(7) mediation or other ADR will be completed by:_____.

**18.  Written Motions: Whenever necessary or appropriate, the parties may submit motions that include citations to specific, applicable law.  However, prior to engaging in such practice, the parties must confer per C.R.C.P. 121 § 1-15-(8).  The court will not consider any motion unless there is a certificate of conferral cited in the motion or a valid reason stating why conferral did not occur.  Page limits on motions are as set forth in C.R.C.P. 121 § 1-15(1)(a), and must comply with C.R.C.P 10 as amended effective April 1, 2016.  Requests to exceed the page limit must be made by separate motion. If exhibits are attached to any motion, the exhibits must be separately uploaded into the e-filing system and separately designated by exhibit number or letter as well as a brief description of the exhibit so it can be quickly accessed by the court.  For example "Exhibit B – Affidavit of John Doe" is acceptable. <u>Exhibits that are merely described by number or letter, without more, will be rejected.</u>**

**19.** C.R.C.P. 16.1 Cases:  A Motion for Exclusion from C.R.C.P. 16.1 must be filed in compliance with C.R.C.P. 16.1(d) unless the exclusion automatically applies based on the filing of the Civil Cover Sheet for cases in excess of $100,000 in damages exclusive of attorneys, interest and costs, or the case is otherwise exempt from Rule 16.1. Pursuant to C.R.C.P. 16.1(j), the court does not automatically require a case management conference in C.R.C.P. 16.1 cases, and a form Case Management Order is not required. A Case Management Conference may be requested by either party.  A trial date will not be set in any C.R.C.P. 16.1 case until the parties have completed mediation and completed their required disclosures and the limited discovery permitted by the Rule. When mediation is completed, the parties may contact the court for a trial setting conference pursuant to paragraph 21 below.  Once a trial date is established, the deadlines for additional discovery under C.R.C.P. 16.1(k)(2) – (8) will apply.  The court will try to give Rule 16.1 cases early trial settings if possible.

**20.** Settlement: The court is to be immediately notified if the case settles.

**21.** Trial Setting Conference: If mediation is unsuccessful, plaintiff's counsel shall issue a Notice to Set Trial Setting Conference at which time the court will set trial dates and trial preparation deadlines and enter a Trial Management Order.  The court requires written confirmation from the plaintiff or responsible attorney that mediation was conducted before a trial date will be given.

**22.** Other Matters:_____.

DATED this _____ day of _____, 20_____.

_____          _____
Signature                                                         Signature
_____          _____
Attorney for Plaintiff                                        Attorney for Defendant

IT IS HEREBY ORDERED that the foregoing, including any modifications made by the court, is and shall be the Case Management Order in this case.

Dated this ___ day of _____, 20__.

BY THE COURT:

_____
District Court Judge