IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-03308-RMR-KMS

DANIEL ESTEBAN CAMAS LOPEZ,
individually and on behalf of all similarly
situated persons,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

    Plaintiff Daniel Esteban Camas Lopez and Defendant Marriott International, Inc. (collectively, the "Parties") hereby stipulate and request that the Court enter this Protective Order concerning the treatment of CONFIDENTIAL Information (as hereinafter defined) pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

    1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "Document" is defined as provided in Federal Rules of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated as "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited

1

to: sensitive or proprietary business information, private personal information, and personal identifying information ("PII"). The Parties anticipate the production of CONFIDENTIAL Information including, but not limited, to names and PII of putative class members, J-1 Interns, and other employees at the property that is the subject of this action, information regarding the employment of putative class members, J-1 Interns, and other employees at the property that is the subject of this action, payroll information regarding putative class members, J-1 Interns, and other employees at the property that is the subject of this action, and other employment related documents containing personal information.

4. As used in this Protective Order, "Designating Party" means the party or non-party who so designates CONFIDENTIAL Information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed.

5. The Parties acknowledge that PII regarding putative class members, J-1 Interns, and other employees at the property that is the subject of this action must be strictly kept as CONFIDENTIAL. No Party may disclose any PII in any public document, filing, or at trial. The Parties should take care to redact all PII and sensitive personal information when used in any public document, filing, or at trial. The Party that intends to use any such document or information in any filing or at trial must take care to fully and completely redact all PII. Direct or indirect unauthorized disclosure or dissemination of PII or other sensitive information personal data is prohibited. All parties have a responsibility to safeguard PII and other sensitive personal information. To ensure that all such data is safeguarded, the Parties shall redact all information when used in the manner described above in addition to designating such information under this Protective Order.

6. CONFIDENTIAL Documents, materials, and/or information (collectively, "CONFIDENTIAL Information") shall not be disclosed or used for any purpose except the preparation and trial of this case.

7. CONFIDENTIAL Information shall not, without the consent of the designating party or further Order of the Court, be disclosed except that, consistent with Paragraph 6 above, such information may be disclosed to:

a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b. the parties, including their designated representatives and counsel;

c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

d. the Court and its employees ("Court Personnel") and the jury at trial;

e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. deponents, witnesses, or potential witnesses;

g. insurers for the parties;

h. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

i. anyone as otherwise required by law; and

j. other persons by written agreement of the parties.

8.  Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by an Order of the Court.

9.  Prior to disclosing any CONFIDENTIAL Information to any person identified in sub-paragraph 7(c) (expert witnesses and consultants) or sub-paragraph 7(g) (insurers), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement in the form set forth in **Exhibit A** hereto stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

10. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

11. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL Information until the 30-day period has expired.

12. If timely corrected, an inadvertent failure to designate qualified information as CONFIDENTIAL does not, standing alone, waive the Designating Party's rights to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

13. A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to Section VI.2 of the Uniform Civil Practice Standards of the United States Magistrate Judges for the United States District Court for the District of Colorado (the "Practice Standards"), the Parties shall meet and confer in "good faith" in accordance with Local Rule 7.1(a) of this Court. If the parties cannot resolve the discovery dispute within 10 business days after the time the notice is received, the parties shall jointly contact the Chambers of Magistrate Judge Starnella pursuant to Sections VI.3–4 of the Practice Standards. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If the procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14. Use of Confidential Information in Court Proceedings: In the event CONFIDENTIAL Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties

5

through such use. However, CONFIDENTIAL Information and pleadings or briefs quoting or discussing CONFIDENTIAL Information will not be accepted as restricted filings or otherwise kept out of the public record in this action, except by court order issued upon motion of the party that designated the documents as CONFIDENTIAL Information. Any such motion shall comply with the requirements of Local Rule 7.2 of this Court and demonstrate that the CONFIDENTIAL Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

15. The terms of this Protective Order shall apply to information produced by a Non-Party in this action and designated as CONFIDENTIAL. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

16. If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify the designating party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

17. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18. By agreeing to the entry of this Protective Order, the parties do not waive any rights it would otherwise have to object to disclosing or producing any information or any item on any ground not addressed in this Protective Order.

19. If a producing party unintentionally or inadvertently discloses information, in connection with the pending litigation, that the producing party thereafter claims to be privileged or protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection from discourse ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed to constitute a waiver or forfeiture—in this case or any other action—of any claim of privilege or protection that the producing party would otherwise be entitled to assert with respect to the Protected Information and its subject matter so long as the producing party promptly notifies the receiving party.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20. Promptly upon learning of the unintentional or inadvertent disclosure, the producing party shall notify the receiving party of the unintentional or inadvertent disclosure and request return of the documents and/or information.  The receiving party must promptly return or confirm destruction of all copies of such materials.

21. The producing party shall place the clawed back Protected Information on a privilege log.  The receiving party may challenge any assertion of privilege or protection by the responding party as with any other privilege log entry.

22. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

23. Upon termination of this litigation, including any appeals, each Party and their counsel shall immediately return to the producing Party or certify in writing the destruction of all CONFIDENTIAL Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, except that the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Confidential Information.

24. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

25. This Stipulated Protective Order may be modified by the Court at any time for good cause shown to all parties and an opportunity for them to be heard.

Dated: September 13, 2024

*/s/ Brianne Power (with permission)*
Alexander Hood
Brianne Power
Towards Justice
P.O. Box 371680, PMB 44465
Denver, CO 80237
Tel.: (720) 441-2236
alex@towardsjustice.com
brianne@towardsjustice.com

*Counsel for Plaintiff*

*/s/ Ellen E. Dew*
Michael P. O'Day
Ellen E. Dew
William W. Reichart III
DLA PIPER LLP (US)
650 S. Exeter St.
Suite 1100
Baltimore, MD 21202
Tel.: (410) 580-3000
Fax: (410) 580-3001
michael.oday@us.dlapiper.com
ellen.dew@us.dlapiper.com
wes.reichart@us.dlapiper.com

*Counsel for Defendant Marriott International, Inc*

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:23-cv-03308-RMR-KMS

DANIEL ESTEBAN CAMAS LOPEZ,
individually and on behalf of all similarly
situated persons,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.

---

**ACKNOLWEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

I, _____, declare that:

I have received a copy of the Stipulated Protective Order entered in the action entitled *Lopez v. Marriott International, Inc.*, Case No. 1:23-cv-03308-RMR-KMS (D. Colo.) (the "Order"). I have read and understand its provisions.

I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not use for purposes other than for this action, any information designated "CONFIDENTIAL" that I receive in this action, except as otherwise permitted under the Order. For purposes of enforcing the Order, I consent to the jurisdiction of the U.S. District Court for the District of Colorado. I acknowledge that a violation of the Order may result in penalties for contempt of court.

Date:_____     _____
                                                                            Signature