IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-03308-RMR-KMS

DANIEL ESTEBAN CAMAS LOPEZ,
individually and on behalf of all similarly
situated persons,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.

## DEFENDANT MARRIOTT INTERNATIONAL, INC.'S
## UNOPPOSED EXPEDITED MOTION FOR ENLARGEMENT OF PAGE LIMITS

Pursuant to this Court's Civil Practice Standard 10.1(c)(5), Defendant Marriott International, Inc. ("Marriott") hereby moves on an expedited basis for an enlargement of the page limits for its forthcoming opposition to Plaintiff's Motion for Class Certification (ECF No. 67). In support thereof, Marriott states as follows:

1. This case involves Plaintiff's claims that he was coerced into working at the St. Regis Aspen Resort when he otherwise would not have done so.

2. Marriott unequivocally denies Plaintiff's allegations and submits that they have been disproven in the discovery taken to date.

3. Plaintiff seeks to represent, and his Motion for Class Certification asks this Court to certify, a class of all J-1 visa trainees and interns that worked at the St. Regis Aspen Resort over a nine-year period for three causes of action.

4. Marriott requires additional pages, beyond the fifteen page limit under Civ. Practice Standards 10.1(c)(1), to fully and completely address the legal standard on class

1

certification, the evidence that the Court must consider in evaluating whether Plaintiff has met his burden under Federal Rule of Civil Procedure 23 for each of the causes of action at issue, and Plaintiff's arguments in his Motion for Class Certification.

5. In the Tenth Circuit, "the district court has an independent obligation to conduct a 'rigorous analysis' before concluding that Rule 23's requirements have been satisfied." *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 725 F.3d 1213, 1217 (10th Cir. 2013). That is because "[g]ranting or denying class certification is a highly fact-intensive matter of practicality." *Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004). Rule 23 "does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, Plaintiff must prove compliance with Rule 23. *See id.* Accordingly, "[w]hen ruling on a class certification motion, the Court need not accept either party's representations, but must independently find the relevant facts by a preponderance of the evidence." *Hill v. Aspen Contracting, Inc.*, 2021 WL 2662296, at *2 (D.N.M. Feb. 22, 2021). The court must go beyond "the pleadings and examine the facts and evidence in the case." *Francis v. APEX USA, Inc.*, 2021 WL 4487985, at *3 (W.D. Okla. Sept. 30, 2021) (quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227–28 (10th Cir. 2013)).

6. Marriott requires up to ten (10) additional pages, for a total of twenty-five (25) pages, to address the legal and factual matters at issue and that the Court must consider as part of its rigorous analysis.

7. Marriott files this motion on an expedited basis because Marriott's Opposition to Plaintiff's Motion for Class Certification is due on May 23, 2025.

## CERTIFICATION PURUSANT TO D.C. COLO. LCivR.7.1

Pursuant to Local Civil Rule 7.1(a), counsel for Marriott conferred with counsel for Plaintiff via e-mail on May 7, 2025, and May 9, 2025, regarding the relief sought by this Motion. Counsel for Plaintiff has advised that Plaintiff does not oppose the relief sought in exchange for Marriott's agreement not to oppose a similar request by Plaintiff for any reply brief filed by Plaintiff. Marriott agrees.

Date: May 13, 2025

/s/ Michael P. O'Day
Michael P. O'Day
Ellen E. Dew
William W. Reichart III

DLA Piper LLP (US)
650 S. Exeter St.
Suite 1100
Baltimore, MD 21202
Tel.: (410) 580-3000
Fax: (410) 580-3001
michael.oday@us.dlapiper.com
ellen.dew@us.dlapiper.com
wes.reichart@us.dlapiper.com

*Counsel for Defendant Marriott International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of May, 2025, I filed the foregoing document and cause the same to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Michael P. O'Day*