

DLA Piper LLP (US)
650 S Exeter Street
Suite 1100
Baltimore, Maryland 21202-4576
www.dlapiper.com

Michael P. O'Day
Michael.ODay@us.dlapiper.com
T   410.580.4293
F   410.580.3293

October 7, 2025

**Via CM/ECF**

Hon. Kathryn A. Starnella
United States Magistrate Judge
Byron G. Rogers United States Courthouse
Courtroom C204 / Chambers C253
1929 Stout Street
Denver, Colorado 80294

Re:   *Lopez v. Marriott International, Inc.*, Case No. 1:23-cv-3308-RMR-KAS
      Request for Oral Argument on Plaintiff's Motion for Class Certification

Dear Judge Starnella:

Defendant Marriott International, Inc. ("Marriott") respectfully writes to request oral argument on Plaintiff's Motion for Class Certification (ECF No. 69). Given the number of arguments, the breadth of the briefing submitted by the Parties, and the evidentiary record offered by Marriott's opposition, Marriott believes that oral argument would be helpful under these circumstances.  As the Tenth Circuit has explained, "the district court has an independent obligation to conduct a 'rigorous analysis' before concluding that Rule 23's requirements have been satisfied." *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 725 F.3d 1213, 1217 (10th Cir. 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)).  This requires finding "evidentiary proof" that the prerequisites for a class action are met.  *Id.*  In connection with that analysis and to address any questions of the Court, Marriott wishes to be heard on its position as to why Plaintiff has not satisfied his burden to establish the Rule 23 requirements.

Additionally, Marriott advises that oral argument would provide an opportunity for less experienced counsel for Marriott to substantially participate in the proceedings. *See* D.C.COLO.MJ I.4 ("The parties should advise the Court prior to any hearing (including in any request for oral argument) if a less experienced lawyer will be arguing.").  Specifically, Mr. Reichart will argue, in whole or in part, Marriott's opposition to Plaintiff's motion.  Mr. Reichart has been practicing law for fewer than seven years and his development would benefit from the opportunity to present argument in this action.

Accordingly, Marriott respectfully requests that the Court set a hearing on Plaintiff's Motion for Class Certification and is available to appear for oral argument at a date and time most convenient for the Court.

1

2

Prior to issuing this letter, Marriott conferred with counsel for Plaintiff regarding Marriott's request. Counsel for Plaintiff advised that Plaintiff would not join in this request, "but does not oppose" the relief requested.

Sincerely,

Michael P. O'Day

cc:   All counsel of record via CM/ECF